IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:       ETHICON, INC.
             PELVIC REPAIR SYSTEMS
             PRODUCT LIABILITY LITIGATION            MDL No. 2327

THIS DOCUMENT RELATES TO:

*Lucille Deakins, et al. v. Ethicon, Inc., et al.*          Civil Action No. 2:12-cv-03605

## MEMORANDUM OPINION & ORDER

Pending before the court is the defendants' Motion to Dismiss or for Other Relief [ECF No. 35]. The plaintiff's counsel responded [ECF No. 38] and the defendants replied [ECF No. 41]. The matter is now ripe for decision. For the following reasons, the defendants' Motion is **DENIED**.

## I.       BACKGROUND

In this case, Ethicon repeatedly scheduled or attempted to schedule Ms. Deakins's deposition; however, the health issues of Ms. Deakins and her attorney resulted in the postponement of those depositions. *See* Mot. Dismiss 2–6; Resp. 2–4. Importantly, Ms. Deakins relies on her son because of a previously suffered stroke, and Ms. Deakins's in-home care provider provided a letter on January 31, 2017, stating that Ms. Deakins's health issues kept her homebound and that Ms. Deakins is not competent to give a deposition. Resp. 3. Prior to the defendants' Motion, the plaintiffs and defendants unsuccessfully negotiated in an effort to remove this case from Wave 4 of the Ethicon MDL. *Id.*

## II.    LEGAL STANDARD

Rule 37(d)(1) of the Federal Rules of Civil Procedure permits me to sanction a party who fails to show up for a properly noticed deposition or who fails to answer interrogatories or requests for inspection. Fed. R. Civ. P. 37(d)(1)(A). Permissible sanctions for these actions include dismissal of the action. Fed. R. Civ. P. 37(d)(3). Where dismissal is a potential sanction, courts have narrower discretion because "the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977)); *see also Viswanathan v. Scotland Cty. Bd. of Educ.*, 165 F.R.D. 50, 53 (M.D.N.C. 1995), *aff'd*, 76 F.3d 377 (4th Cir. 1996) (applying the *Wilson* factors where a plaintiff failed to attend his own deposition). To determine whether dismissal is warranted, courts must consider "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Richards & Assocs., Inc.*, 872 F.2d at 92.

The realities of multidistrict litigation and the unique problems an MDL judge faces weigh heavy when balancing the four factors. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d

1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"); H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See Phenylpropanolamine*, 460 F.3d. at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1232; *see also* Fed. R. Civ. P. 1. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the

litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III.    DISCUSSION

First, the non-complying party did not act in bad faith in this case. The health issues at play in this case are serious, and they certainly provide a valid excuse for Ms. Deakins's postponed depositions. Second, while the deposition of Ms. Deakins is crucial, the plaintiffs have not foreclosed future depositions and do not appear to be actively hindering the defendants' attempts to gather evidence.  Furthermore, this is not conduct worthy of deterrence. While MDL cases require efficient management, that efficient management should not punish the severely ill. Finally, less drastic sanctions are appropriate where, as here, the delay is not a result of the plaintiffs' negligence or attempts to hinder the litigation; indeed, I **FIND** that sanctions are not appropriate in this case.

## IV.    CONCLUSION

For the foregoing reasons, I **ORDER** that the defendants' Motion to Dismiss [ECF No. 35] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 8, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4